**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANILO OVIDIO TUY PASTOR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DELANEY HALL DETENTION CENTER, *et al.*,<br><br>Respondents. | Civil Action No. 26-12724 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Danilo Ovidio Tuy Pastor's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents ("Government") filed an expedited response. (ECF No. 4.) The Court considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a Guatemalan native, first unlawfully entered the United States without inspection on March 25, 2014. (*See* Gov't Opp'n at 1, ECF No. 4.) On April 4, 2014, immigration authorities issued Petitioner a Notice and Order of Expedited Removal. (*Id.*; *see* ECF No. 4-2.) Petitioner was removed from the United States five days later. (Gov't Opp'n at 1; *see* ECF No. 4-1.)

Petitioner then re-entered the United States at an unknown time and place. (Gov't Opp'n at 1.) On September 20, 2026, Immigration and Customs Enforcement officers arrested Petitioner. (*Id.*) On the same day, a deportation officer issued a Notice of Intent/Decision to Reinstate Prior Order. (ECF No. 4-1.) Petitioner remains detained pursuant to his reinstated final order of removal.

On September 25, 2026, Petitioner filed the instant Petition arguing, among other things, that the Government may not detain him under 8 U.S.C. § 1225(b)(2), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* Habeas Pet., ECF No. 1.) On October 14, 2026, the Government filed a letter response arguing that Petitioner is lawfully detained and is subject to a final order of removal under 8 U.S.C. § 1231(a). (*See* Gov't Opp'n.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally* ECF No. 1.) In response, the Government submits that Petitioner is not detained under 8 U.S.C. § 1225(b)(2), rather he is detained under 8 U.S.C. § 1231(a) pursuant to a reinstated final order of removal. (*See generally* Gov't Opp'n.)

Petitioner has a reinstated final order of removal. The record shows that Petitioner (1) was issued a removal order on April 4, 2014; (2) was removed from the United States on April 9, 2014; and (3) unlawfully re-entered the United States at some point later.

Based on the above, a deportation officer reinstated Petitioner's final order of removal on September 20, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

§ 1231 states, in relevant part, that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the [ninety]-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on September 20, 2026. As a result, Petitioner's detention is still within the ninety-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

**IV. CONCLUSION**

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED**: 10/30/2026

**JULIEN XAVIER NEALS**
**United States District Judge**